**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**Case Number:**  5:22CV-174-BJB

*efiled*

**CRYSTAL DAWN SMITH**                                                                                  **PLAINTIFF**
**143 CUNNINGHAM AVE**
**CADIZ KENTUCKY 42211**

**V.**

**AARON ACREE**
**SHERIFF TRIGG COUNTY KENTUCKY**
**134 COMMERCE STREET**
**CADIZ KENTUCKY 42211**

**AND**

**JAMES HUGHES**
**JAILER TRIGG COUNTY KENTUCKY**
**PO BOX 672**
**CADIZ KENTUCKY 42211**

**AND**

**TRIGG COUNTY FISCAL COURT**

                                                                                                                        **DEFENDANT(S)**

**SERVE:      HOLLIS L. ALEXANDER**
                      **TRIGG COUNTY JUDGE EXECUTIVE**
                      **PO BOX 672**
                      **CADIZ KENTUCKY 42211**

## COMPLAINT

Comes now the Plaintiff, Crystal Smith, (hereinafter "Ms. Smith" or "Plaintiff") by

counsel and for her Complaint against the Defendant(s), Aaron Acree (hereinafter "Acree" or

"Sheriff") and James Hughes (hereinafter "Hughes" or "Jailer") and Trigg County Fiscal Court

(hereinafter "County" or "Fiscal Court" or "Trigg County") and brings forth the following action

pursuant to 42.USC Sec. 1983, for serial violations of the Plaintiff's civil rights by the

Defendants, acting jointly and severally, in addition to common law torts of negligence, assault,

battery and intentional infliction of emotional distress and states as follows:

## JURISDICTION AND VENUE

1. The Plaintiff, Crystal Smith, is an adult resident of Trigg County Kentucky.

2. The Defendant Aaron Acree is the Trigg County Kentucky Sheriff.

3. The Defendant James Hughes is the Trigg County Kentucky Jailer.

4. The Trigg County Fiscal Court oversees the operation of the Trigg County Sheriff's
   Department and all Jail operations.

5. Crystal Smith's causes of action are brought pursuant to 42 USC 1983 on the basis that
   the defendants' deprived Plaintiff of her rights under the United Stated Constitution in
   violations of 42 U.S.C. Sec. 1983 by (1) restricting Plaintiff's Fourth Amendment
   Rights (2) Restricting Plaintiff's Fifth Amendment Rights (3) restricting Plaintiff's
   Eighth Amendment Rights, in addition, the Plaintiff's other claims arise from common
   law and include (1) Assault (2) Battery (3) Negligence (4) Intentional Infliction of
   Emotional Distress, further her damages exceed the threshold requirement of five-
   thousand dollars ($5,000.00), and therefore this court has proper jurisdiction over the
   matter.

## FACTUAL ALLEGATIONS

6.  On January 11, 2022, Crystal Smith was placed under arrest in Trigg County Kentucky and charged with Burglary 2nd Degree; Possession of a stolen property 1st Degree, 1st Offense Heroin; and Drug Paraphernalia.

7.  Crystal Smith had no prior criminal activity on her record.

8.  In or around the fall of 2021 Ms. Smith lost her minor child to a horrific gun accident.

9.  Shortly thereafter Ms. Smith in an attempt to cope with the loss of her child did admittedly turn to substance abuse, what started as a pain pill addition turned into a heroin addiction.

10. January 11, 2022 was a day that Ms. Smith turned to heroin as a means of escape from her loss.

11. That afternoon Ms. Smith was found and arrested at the home residence of Trigg County Sheriff Aaron Acree.

12. Ms. Smith had no idea where she was or whose home she was at.

13. Sheriff Acree came home for lunch and found Ms. Smith, then called in for assistance and Officer Wiggins of the Trigg County Police Department arrived to arrest Ms. Smith.

14. Officer Wiggins took Ms. Smith to the Police Department in order to "question" her.

15. During the conversation Officer Wiggins told Ms. Smith that he knew what was going on with her (that is the death of her son) and that she needed help (for her heroin addiction) and asked her if she was ready to get some help.

16. After this conversation, Officer Wiggins explained to Ms. Smith that she would be taken to the Christian County Detention Center for booking and would stay there.

17. Ms. Smith was shackled, both hands and feet, from the time she was arrested until she was placed in a holding cell that evening.

18. After Officer Wiggins finished speaking to Ms. Smith he led her outside to the Trigg County Jailer, James Hughes, who placed her in the back of his transport car in order to transport her to the Christian County Detention Center.

19. After Hughes secured Ms. Smith in his transport car, and started to drive he told Ms. Smith that they would be making a stop.

20. In fact Hughes drove Ms. Smith to the Sheriff Department because Sheriff Acree instructed Hughes to do so.

21. Ms. Smith knew that something was wrong as soon as they stopped at the Sheriff's department.

22. Ms. Smith knew that she was supposed to be headed to Christian County for Booking.

23. Hughes then helped Ms. Smith out of the transport car and walked her to the side entrance door of the sheriff's department.

24. Hughes then handed Ms. Smith, still fully shackled, to none other than Sheriff Aaron Acree.

25. Sheriff Acree told Ms. Smith to get into an office supply closet where he proceeded to assault and batter her. During this time Ms. Smith was screaming.

26. Further Sheriff Acree threatened to kill Ms. Smith over and over throughout the time he was assaulting her.

27. Sheriff Acree then shoved Ms. Smith out the office supply closet door- so hard that she slid and fell on the concrete floor having no way to balance herself due to her shackles.

28. Ms. Smith attempted to get up and had cried out in pain.

29. At this time Hughes was heading toward the door and Acree yanked Ms. Smith up off the ground and pulled her toward the door.

31. Hughes was visibly upset when he saw Ms. Smith.

32. Acree then placed Ms. Smith in the back of the transport car and before closing the door got partially back into the car and began screaming in Ms. Smith's face that he would fucking kill her if he ever saw her again.

33. Acree finally closed the door and Hughes started the engine to the transport car.

34. Hughes was visibly shaking in the front seat.

35. Hughes finally got Ms. Smith who was bruised on her thigh ankles wrists and arms to Christian County Detention Center.

36. While the Police in Christian County were booking Ms. Smith, Sheriff Acree walked into the station and stared at her.

37. Ms. Smith wanted to die at that time.

38. Ms. Smith believed that Sheriff Acree was going to kill her.

39. When Ms. Smith woke up in lock up the next day her bruising was substantial to the extent the other female inmates were concerned for her and asked if she was okay.

40. Ms. Smith was in pain for a long period of time and to date still suffers from pain in her hip and has a permanent scar on her arm from the assault and battery she suffered at the hands of Sheriff Acree.

41. After being released to attend Rehab for her heroin addiction Ms. Smith was contacted by a special investigator from the Kentucky State Police who wanted to ask her questions about her arrest and assault.

42. On November 30 2022 Sheriff Aaron Acree was indicted by a Grand Jury for Assault, Official Misconduct and  Terroristic Threatening.

43. Crystal Smith had no control over her person when shackled and in the custody of

government officials.

44. Like a lamb to slaughter, Ms. Smith was taken from the police station to the Sheriff's station and handed to Sheriff Acree, the person whose house she accidentally ended up at and was physically assaulted and emotionally damaged by Sheriff Acree as a result.

45. Ms. Smith is scared to go anywhere in Trigg County- her home, as she is worried to death that she will run into Sheriff Acree and he will make good on his threat to kill her.

46. Ms. Smith is entitled to relief under 42 U.S.C. Sec. 1983 and Kentucky Common Law for Assault, Battery, Intentional Infliction of Emotional Distress and Negligence.

**FIRST CAUSE OF ACTION: VIOLATION OF 42 USC Sec. 1983 IN VIOLATION OF SMITH'S FOURTH AMENDMENT RIGHTS**

47.  The Plaintiff hereby incorporates all preceding paragraphs 1-46 here unto.

48. 42 U.S.C. Sec. 1983 provides a civil cause of action to any person who is deprived of rights guaranteed by the United States Constitution, other federal law or under color of State Law.

49. Defendants Acree and Hughes did violate the Plaintiff's Fourth Amendment right to unreasonable seizure and excessive force.

50. That as a result of the violations listed above the Plaintiff Ms. Smith did suffer physical and emotional harm and is entitled to damages.

**SECOND CAUSE OF ACTION: VIOLATION OF 42 USC Sec. 1983 IN VIOLATION OF SMITH'S FIFTH AMENDMENT RIGHTS**

51. The Plaintiff hereby incorporates all preceding paragraphs 1-50 here unto.

52. 42 U.S.C. Sec. 1983 provides a civil cause of action to any person who is deprived of rights guaranteed by the United States Constitution, other federal law or under color of State Law.

53. Defendants Acree and Hughes did violate the Plaintiff's Fifth Amendment right to due process under the Fifth Amendment.

54. That as a result of the violations listed above the Plaintiff Ms. Smith did suffer physical

and emotional harm and is entitled to damages.

## THIRD CAUSE OF ACTION: VIOLATION OF 42 USC Sec. 1983 IN VIOLATION OF SMITH'S EIGHTH AMENDMENT RIGHTS

55. The Plaintiff hereby incorporates all preceding paragraphs 1-54 here unto.

56. 42 U.S.C. Sec. 1983 provides a civil cause of action to any person who is deprived of rights guaranteed by the United States Constitution, other federal law or under color of State Law.

57. Defendants Acree and Hughes did violate the Plaintiff's Eighth Amendment right to not be subject to cruel and unusual punishment.

58. That as a result of the violations listed above the Plaintiff Ms. Smith did suffer physical and emotional harm and is entitled to damages.

## FOURTH CAUSE OF ACTION: CIVIL BATTERY (AARON ACREE)

59. The Plaintiff hereby incorporates all preceding paragraphs 1-58 here unto.

60. That Kentucky Common Law Civil Battery is defined as "any unlawful touching of the person of another either by the aggressor himself or by any substance set in motion by him." *Sigler v. Ralph* 417 S.W. 2d 239,241(Ky. 1967).

61. That essential to the elements for battery is intent. Specifically the "intent to make contact with the person not the intent to cause harm" *Vitale v. Henchy*, 24 S.W. 3d 651, 657-58 (Ky. 2000)

62. That Acree is liable to Knox for battery because he acted intending to cause a harmful or offensive contact with the person of Smith and a harmful contact with her person directly resulted.

## FIFTH CAUSE OF ACTION: CIVIL ASSAULT (AARON ACREE)

63. The Plaintiff hereby incorporates all preceding paragraphs 1-62 here unto.

64. That Kentucky Common Law Civil Assault is defined as acting with the intent to cause a harmful or offensive contact with the person of another, or an imminent apprehension of such a contact and the other is thereby put in imminent apprehension

65. That Acree acted with the intent to cause a harmful or offensive contact with the person of Smith when he instructed the Jailer Hughes to bring Smith to him at the Sheriff Department.

66. That Smith was placed in imminent apprehension by Hughes taking her to the Sheriffs department and leading her to Sheriff Acree.

67. As a direct result of the assault described above, Plaintiff has suffered damages in the past and will continue to suffer such damages and injuries in the future in an amount that will be determined by evidence at trial.

## SIXTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AARON ACREE AND HUGHES)

68. The Plaintiff hereby incorporates all preceding paragraphs 1-67 here unto.

69. That Kentucky Common Law Intentional Infliction of Emotional Distress requires the following four elements (1) the wrongdoers conduct must be intentional or reckless (2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality (3) there must be a causal connection between the wrongdoers conduct and the emotional distress and (4) the emotional distress must be severe. *Kroger Co. v. Willgruber,* 920 S.W. 2d 61, 62 (Ky. 1996)

70. That Hughes and Acree are subject to liability to Smith for intentional infliction of emotional distress as Hughes intentionally and recklessly brought Smith to Acree, the "victim" of Smith's alleged crime and the Sheriff of the county, Smith had no control of her being as she was shackled from hands to feet and Hughes was entrusted with her care and instructed to take her to Christian County Hughes delivered her to Acree who assaulted and battered her and subjected her to extreme terroristic threatening- to the degree Ms. Smith still is scared to go in public less Acree make good on his threat to kill her.

71. As a direct result of the intentional infliction of emotional distress described above,

Plaintiff has suffered damages in the past and will continue to suffer such damages and injuries in the future in an amount that will be determined by the evidence at trial.

72. ermined by the evidence at trial.

## SEVENTH CAUSE OF ACTION: NEGLIGENCE

73. The Plaintiff hereby incorporates all preceding paragraphs 1-72 here unto.

74. Under Kentucky law claims of Negligence require the following elements be met (1) that the Defendant had a duty to the Plaintiff (2) that the Defendant breached its duty to the Plaintiff (3) that the breach was an actual or proximate cause of (4) the Plaintiffs damages.

75. The Defendants owed a duty of care to Smith who was in their custody and control.

76. The Defendant breached its duty of care to Smith when Hughes took her to Acree instead of Christian County.

77. As a result of the Defendants' breach Smith was physically battered, emotionally abused and threatened that is Smith suffered damages.

## PRAYER FOR RELIEF

78. The Plaintiff hereby incorporates herein each and every allegation of paragraphs one 1 through 77 above as willfully set forth with particularity herein.

79. WHEREFORE, Ms. Smith prays that this Court:

80. Declare the Defendants Aaron Acree, James Hughes and Trigg County Fiscal Court in violation of Ms. Smith's rights under 42 U.S.C. Sec. 1983 via the Fourth, Fifth and Eighth Amendments to the United States Constitution and under Kentucky common law that is, Battery, Assault, Intentional Infliction of Emotional Distress and Negligence

81. Award Ms. Smith compensatory damages in such amounts as shall be proved at trial for economic and other losses.

82. Award Ms. Smith damages in an amount to be proved at trial for the physical pain and

suffering, humiliation, embarrassment, personal indignity, apprehension about her future,

emotional distress, and mental anguish, which Defendants Acree, Hughes and Trigg

County Fiscal Court caused her.

83. Award Ms. Smith punitive damages against the Defendants for the serious

intentional wrongs they committed against her, alleged herein above;

84. Award Ms. Smith costs, interest, and attorneys' fees; and

85. Grant her such further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff, Ms. Smith, demands a jury to try all issues triable by jury

Respectfully Submitted,

/s/ Marylin Linsey Shrewsbury
Marylin Linsey Shrewsbury
Nelson McDonald & Shrewsbury
256 Commerce Street
PO Box 1226
Eddyville Kentucky 42308
linsey@nmslawgroup.com
(502)303-5228